# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CHRISTOPHER ALLEN HUTCHERSON**                                                             **PLAINTIFF**

**v.**                                                        **No. 4:12CV26-MPM-JMV**

**LORENZO CABE, ET AL.**                                                                  **DEFENDANTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Christopher Allen Hutcherson who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The defendants have moved [33] for summary judgment. Hutcherson has not responded to the motion, and the deadline for response has expired. For the reasons set forth below, the motion [33] for summary judgment will be granted and judgment entered for the defendants.

### Summary Judgment Standard

Summary judgment is appropriate if the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a) and (c)(1). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Examiners*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986), *cert. denied*, 484 U.S. 1066 (1988)). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby,* Inc.,

477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); *Beck*, 204 F.3d at 633; *Allen v. Rapides Parish School Bd.*, 204 F.3d 619, 621 (5th Cir. 2000); *Ragas v. Tennessee Gas Pipeline Company*, 136 F.3d 455, 458 (5th Cir. 1998). Substantive law determines what is material. *Anderson*, 477 U.S. at 249. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*, at 248. If the non-movant sets forth specific facts in support of allegations essential to his claim, a genuine issue is presented. *Celotex*, 477 U.S. at 327. "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 89 L. Ed. 2d 538 (1986); *Federal Savings and Loan, Inc. v. Krajl*, 968 F.2d 500, 503 (5th Cir. 1992). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *Allen*, 204 F.3d at 621; *PYCA Industries, Inc. v. Harrison County Waste Water Management Dist.*, 177 F.3d 351, 161 (5th Cir. 1999); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1198 (5th Cir. 1995). However, this is so only when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see Edwards v. Your Credit, Inc.*, 148 F.3d 427, 432 (5th Cir. 1998). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little*, 37 F.3d at 1075 (emphasis omitted).

**Undisputed Material Facts**

The defendants, Robert Tucker, Juan Santos, and Lorenzo Cabe, are employed by Wexford Health Sources, a company providing medical care to inmates in the custody of the Mississippi Department of Corrections ("MDOC"). Hutcherson has a skin condition (eczema) that causes redness, swelling, itching, and flaking of the skin, and the condition covers parts of his torso, neck,

and head. He has been examined for the condition; Wexford medical personnel have prescribed various medications for it, and he received the medication. He argues that Boswell Pharmacy Services ("Boswell") did not provide an adequate amount or proper dosage to treat the condition. Though Hutcherson named Boswell as a defendant, his claims against the company were dismissed on summary judgment.

In November 2011, Hutcherson's eczema medication was changed to Triamcinolone by Nurse Practitioner Robert Tucker. Page 2, *Spears* hearing transcript ("Transcript"), Exhibit "B" to the instant motion for summary judgment. Tucker prescribed 90 grams of medication, but Hutcherson received only 15 grams. He believes that both Robert Tucker and Dr. Juan Santos should have ensured that he receive the correct amount of Triamcinolone to treat his condition for a month at a time. Hutcherson alleges that Dr. Lorenzo Cabe is liable for failure to ensure that Hutcherson received enough of the prescribed medications. Dr. Cabe was only involved in the case through his actions in adjudicating Hutcherson's grievances regarding receipt of his medications.

The medical records in this case paint a clear picture regarding Hutcherson's treatment for eczema. On October 18, 2011, Hutcherson receive a prescription for Triamcinolone Acetonide, 0.05%. Page 174, Hutcherson's Medical Records ("Med. Rec."), Exhibit "C" of the instant motion for summary judgment. On November 28, 2011, Hutcherson refused treatment. Med. Rec., p. 436, 438. He requested treatment again on November 29, 2011, and he was seen on December 1, 2011. Med. Rec., p. 189, 190, 440. He was treated that day with Triamcinolone and a prednisone pack. Med. Rec. p. 189. He was seen again on December 9, 2011, and prescribed therapeutic shampoo, as well. Med. Rec. p. 209. On December 12, 2011, Nurse Robert Tucker ordered Triamcinolone, 240 mg. Med. Rec., p. 208.

Hutcherson received additional treatment on January 18, 2012, and Dr. Santos ordered more Triamcinolone. Med. Rec., p. 217-221. Hutcherson filled out another sick call request on February 12, 2012. Med. Rec., p. 453. Dr. Kim saw him two days later and increased the dosage of Triamcinolone from 0.05% to 0.1%. Med. Rec., p. 232. Hutcherson did not fill out another sick call request until June 12, 2012. Med. Rec., p. 471. He was seen two days later, and his medications and shampoo were refilled. Med. Rec., p. 259-264.

He refused treatment in September. Med. Rec., p. 480. He filled out another medical request form on November 26, 2012, and his prescription was refilled three days later. Med. Rec., p. 286. He submitted another medical request form on March 3, 2013. Med. Rec., p. 495. Nurse Angela Brown examined him, re-ordered Triamcinolone, and instructed him to apply it to his face and torso for fourteen days – and follow up in a month. Med. Rec., p. 300-303 He received further treatment on April 8, 2013. Med. Rec., p. 765, 766. Hutcherson then refused treatment four times: April 17, 18, and 19, as well as July 25, 2013. Med. Rec. p. 759, 760, 761, 813. He acknowledged receipt of his medications in February and March of 2014. Med. Rec., p. 824, 826, 827.

Hutcherson concedes that the medication was effective and that defendant Tucker was trying to help him. Transcript, p. 7. Dr. Santos stated in his affidavit that if Hutcherson ran out of medication before time for the next refill, he needed only to fill out a sick call request, and medical staff would have seen and treated him. Affidavit of Dr. Juan Santos, Exhibit "D" to the instant motion for summary judgment. Each time Hutcherson filled out a sick call request form, he was treated within a few days – unless he refused treatment.

**Denial of Medical Treatment**

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners

[which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105, 50 L. Ed. 2d 251, 260 (1976); *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992). The test for establishing deliberate indifference is one of "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Under this standard, a state actor may not be held liable under 42 U.S.C. § 1983 unless plaintiff alleges facts which, if true, would establish that the official "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 838. Only in exceptional circumstances may a court infer knowledge of substantial risk of serious harm by its obviousness. *Id*. Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986). In cases such arising from delayed medical attention, rather than a clear denial of medical attention, a plaintiff must demonstrate that he suffered substantial harm resulting from the delay in order to state a claim for a civil rights violation. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993); *Campbell v. McMillin*, 83 F. Supp. 2d 761 (S. D. Miss. 2000). A prisoner's mere disagreement with medical treatment provided by prison officials does not state a claim against the prison for violation of the Eighth Amendment by deliberate indifference to his serious medical needs. *Gibbs v. Grimmette*, 254 F.3d 545 (5th Cir.2001), *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Further, negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).

Hutcherson's claims fail for several reasons. First, as to all defendants, the medical records make clear that they examined Hutcherson, determined an effective treatment for his eczema, and prescribed that treatment in a timely manner – *every time he requested it*. Hutcherson alleges that there were occasions when Boswell Pharmacy provided less medication than medical staff prescribed. Boswell has, however, been dismissed from this suit. Dr. Santos stated in his affidavit that if Hutcherson ran out of medication, all he had to do was put in a sick call request, and medical staff would prescribe more. Indeed, on many occasions, that is what happened. Hutcherson would fill out a sick call request, tell the medical staff that he was running out of medication, and the staff would prescribe more for him. Hutcherson concedes that the defendants wanted to help him and provided effective medication to do so. Put simply, these facts do not come close to meeting the difficult standard of deliberate indifference to Hutcherson's serious medical needs. Judgment will be entered for the defendants as to this claim.

As to Dr. Cabe, Hutcherson's claims fail because he has not shown that Dr. Cabe had any personal involvement, outside of his role as an adjudicator of Hutcherson's grievance. Dr. Cabe responded to Hutcherson's grievance about receiving insufficient amounts of his medicine by contacting Boswell Pharmacy and informing them of the discrepancy. Dr. Cabe's response to the matter was reasonable. As the Supreme Court put it, "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted. . . . Whether one puts it in terms of duty or deliberate indifference, prison officials who act reasonably cannot be found liable under the Cruel and Unusual Punishments Clause." *Farmer v. Brennan*, 511 U.S. 825, 844-845, 114 S.Ct. 1970, 1982-1983 (1994). Thus, for this reason, as well, Hutcherson's claims against Dr. Cabe are without merit.

## Conclusion

In sum, all of the plaintiff's claims are without merit; the motion [33] by the defendants for summary judgment will be granted, and judgment will be entered for the defendants in all respects.

**SO ORDERED**, this, the 24th day of October, 2014.

>   **/s/ MICHAEL P. MILLS**
>   **UNITED STATES DISTRICT JUDGE**
>   **NORTHERN DISTRICT OF MISSISSIPPI**